IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CURTIS ALAN WOODY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:19-CV-795-O |
| | § | |
| ERIC D. WILSON, Warden, | § | |
| FMC-Fort Worth, | § | |
|     Respondent. | § | |

**OPINION AND ORDER**

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Curtis Alan Woody, a federal prisoner confined at FMC-Fort Worth, against Eric D. Wilson, warden of FMC-Fort Worth, Respondent. After considering the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be denied.

**I. BACKGROUND**

Petitioner is confined pursuant to his 2012 conviction in the Southern District of Florida for distribution of child pornography. *See* J., United States v. Woody, PACER, U.S. Party/Case Index, Criminal Docket for # 0:11-cr-60248-WJZ-1, ECF No. 36. By way of this petition, Petitioner seeks immediate placement in a residential reentry center (RRC) "that will accommodate [him] or "a place of [his] choosing." Pet. 7, ECF No. 1.

To establish the factual background of the case, the government provided the declaration of Briana Harris providing:

> 1. I am currently employed as a Correctional Treatment Specialist ("Case Manager") at the Federal Medical Center in Fort Worth, Texas ("FMC Fort Worth"), Federal Bureau of Prisons. I have been employed in this position since October 2013. I am part of the Unit Team at FMC Fort Worth to which federal inmate Curtis Alan Woody ("Petitioner"), register number 97406-004, is assigned. As Petitioner's Case

Manager, I was involved with the processing of his Residential Re-entry Center ("RRC") referral and am familiar with the relevant facts. Petitioner is serving a 126 month sentence with 25 years of supervised release time for Distribution of Child Pornography. His current projected good conduct time release date is September 3, 2020.

2. RRCs are commonly known as halfway houses. RRCs are residential facilities operated by independent contractors under contract to the BOP. RRCs provide housing, programs, job placement, and counseling for federal inmates who are nearing release from their federal terms of imprisonment. RRCs were formerly known as Connmmity Corrections Centers (CCCs).

3. Before the Second Chance Act was implemented, the BOP relied exclusively on Program Statement (PS) 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures (December 16, 1998) to make RRC placement decisions.

4. The Second Chance Act increased the maximum allowable RRC placement time to up to 12 months. After the Second Chance Act was implemented, the BOP issued a series of guidance memos instructing staff how to make RRC placement decisions which comply with the Second Chance Act. Petitioner's Unit Team received copies of these guidance memos and used them in making my RRC placement decisions.

5. When making RRC placement decisions, the BOP has continued to rely on PS 7310.04 as modified by the guidance memos. Based on these guidance memos, the Unit Team ordinarily makes RRC placement decisions 17-19 months before an inmate's projected release date, although there is sufficient time to make these decisions inside of this time frame.

6. Based on these guidance memos, the Unit Team now considers inmates for RRC placements based upon the factors contained in 18 U.S.C. §3621(b), including: (1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28. The Unit Team also assesses the inmate's need for services, public safety and the necessity of the Bureau to manage its inmate population responsibly.

7. In order for an inmate to be considered for transfer to an RRC, the inmate's Unit Team prepares an RRC referral packet. The RRC referral packet includes any relevant medical and psychological information, classification materials, and a recommended RRC placement date. The RRC referral packet is then routed to the

Case Management Coordinator (CMC) and the Warden for approval.

8. After the Warden approves the RRC referral packet, staff ordinarily forward it to the appropriate Residential Reentry Manager (RRM) who administers the BOP's contracts for the RRCs located near the inmate's release destination. The RRM is a BOP employee who is the liaison between the BOP and the individual RRCs. The RRM determines whether a particular RRC is willing to accept a particular inmate and whether that RRC has sufficient bed space to house that inmate for the time period requested, or whether an alternative RRC placement may be required.

9. In Petitioner's case, the FMC Forth Worth Unit Team reviewed Petitioner for RRC placement based on the factors utilized by the BOP pursuant to 18 U.S.C. §362l(b). Petitioner's sex offense was reviewed by the BOP's Adam Walsh sex offender panel and he was cleared for RRC placement. The unit team and Warden recommended a 180 day RRC placement for Petitioner to the Southern District of Florida, his sentencing district in which Petitioner's release destination Fort Lauderdale, Florida, is located. Petitioner did not have an outside residence in that district but was planning to establish a release plan with the U.S. Probation Office in that district during his RRC stay.

10. However, the CCM's office was unable to locate any RRC within the S.D. Florida which would accept Petitioner. Per Florida state statute 794.065, RRCs within the state cannot accept sex offenders based on their location. Petitioner's RRC request was submitted to all three RRCs within the district but denied by all three.

11. Thus his RRC denial was not based on the BOP's review of the five factors 18 U.S.C. §3621(b). FMC Fort Worth did in fact review him under all of these factors and recommend RRC placement in the S. D. Florida. However, none of the Florida RRCs would accept him due to his sex offender status and Florida state law.

12. After Petitioner's FMC Fort Worth Unit Team received notification of his denial of RRC placement in Florida, I looked for other RRC options for Petitioner. I inquired about a possible relocation and alternative placement in the Southern District of Indiana, where Petitioner would stay in an RRC and then reside with his mother's boyfriend in the S.D. Indiana. A release relocation requires the approval of the U.S. Probation Office of the proposed alternative district of release, the S.D. Indiana.

13. However, the BOP's relocation request for Petitioner was denied by the S.D. Indiana's U.S. Probation Officer, which found the mother's boyfriend was not a blood relative and resided in a one bedroom apartment. The Probation Office

3

believed the proposed release plan did not provide an acceptable support system and was not justified by any family ties.

14. Accordingly, at this time Petitioner is not approved to go to an RRC because the Florida RRCs will not accept sex offenders, and his current projected good conduct time release date is September 3, 2020.

15. A review of BOP records reveals Petitioner has exhausted his administrative remedies concerning his request for placement in a Residential Reentry Center (RRC) in accordance with the Second Chance Act. Petitioner's Bureau of Prisons Administrative Remedy history shows he filed Remedy Series 972677 at each of the three administrative levels and was denied at each level.

Resp't's App. 3-7, ECF No. 10 (citations omitted).[1]

Petitioner raises the following claims, verbatim:

(1) The BOP violated 18 U.S.C. § 3621(b) through its passive assent and submission to Florida denying my RRC placement based solely on my current conviction;

(2) The BOP is ignoring the mandates of U.S.C. § 3624(c) by not affording a reasonable opportunity to adjust to and prepare for reentry back into the community; and

(3) The BOP violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 706(2)(A)(B)(C), by giving RRC placement to similarly convicted inmates while denying me placement specifically because of my current offense.

Pet. 5-6, ECF No. 1.

**II. DISCUSSION**

Federal habeas-corpus relief is available only where the petitioner demonstrates that he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. § 2241(c). Notwithstanding a prisoner's eligibility for pre-release RRC placement, it is well settled that there is no constitutionally protected right of a convicted person to early release under 18 U.S.C. § 3624(c)

---

[1] The pagination in the ECF header is used.

or to be confined in any particular place. *See Rublee v. Fleming,* 160 F.3d 213, 214 (5th Cir. 1998); *Zerby v. Keffer,* No. 4:10-CV-197, 2010 WL 3835235, at *2, Y (N.D. Tex. 2010), *R. & R. adopted,* 2010 WL 3835148 (N.D. Tex. 2010). In addition, "nothing in the Second Chance Act or § 3621(b) entitles [Petitioner] or any other prisoner to a guaranteed placement" in a RRC. *See Creager v. Chapman,* No. 4:09-CV-0713-A, 2010 WL 1062610, at *3 (N.D. Tex. 2010). *See also Olim v. Wakinekona,* 461 U.S. 238, 245 (1983) (providing an inmate has no "justifiable expectation that he will be incarcerated in any particular prison within a State" or "that he will be incarcerated in any particular State"). In this case, the BOP attempted to find possible RRC placement for Petitioner, in adherence with the requirements of the applicable statutes, regulations, and policies, and nothing in the record indicates that the BOP acted in an arbitrary or capricious manner in exercising its discretion.

Petitioner's claim under the APA is also meritless. The APA provides that courts may not review agency action when "(1) statutes preclude judicial review; or (2) agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Pursuant to 18 U.S.C. § 3625, the APA is inapplicable "to the making of any determination, decision, or order under this subchapter," which includes prisoner placements under §§ 3621(b) and 3624(c). Therefore, the BOP's decisions regarding RRC placement are expressly insulated from judicial review under the APA. *See Cook v. Wiley,* 208 F.3d 1314, 1319 (11th Cir. 2000); .

Lastly, to the extent Petitioner attempts to assert an equal-protection claim, he fails to show that he was intentionally treated differently from other similarly situated prisoners and that, if different standards or policies were applied, that there was no rational basis for the difference in treatment. *See Unruh v. Moore,* 326 Fed. App'x 770, 2009 WL 1310981, at *1 (5th Cir. 2009);

5

*Purviance v. Maye,* No. A-10-CV-793-LY, 2011 WL 2173611, at *4 (W.D. Tex. June 2, 2011).

### III. CONCLUSION

For the reasons discussed, Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED.

**SO ORDERED** on this 30th day of April, 2020.

Reed O'Connor
**UNITED STATES DISTRICT JUDGE**